

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00340-CV

_____

JONEKIA SCOTT, MARIAH SCOTT, AND CHRISTOPHER SCOTT, Appellants

V.

ALAMO TITLE INSURANCE COMPANY, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-003098-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Within forty-eight hours of signing a final judgment, the trial court set the judgment aside. *See* Tex. R. Civ. P. 329b(d), (e). But by that time, Appellants Jonekia Scott, Mariah Scott, and Christopher Scott had already filed their notice of appeal. Appellee Alamo Title Insurance Company moves to dismiss the appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a) (authorizing appellate court to dismiss for want of jurisdiction "on any party's motion"). Alamo's motion is well taken.

Because the trial court set aside the appealed-from final judgment, the Scotts' appeal is (1) moot to the extent that it seeks to challenge that judgment, *see Robnett v. Robnett*, No. 02-25-00188-CV, 2025 WL 1909328, at *1 (Tex. App.—Fort Worth July 10, 2025, no pet.) (per curiam) (mem. op.) (holding that, "[b]ecause the appealed order ha[d] been dissolved[,] . . . a controversy no longer exist[ed] between the parties," so "the appeal [was] moot"); *accord Spraggins v. Henderson Tenant LP*, No. 02-25-00066-CV, 2025 WL 727839, at *1 (Tex. App.—Fort Worth Mar. 6, 2025, pet. denied) (mem. op.); *Oncor Elec. Delivery Co. v. Bettinger*, No. 02-18-00193-CV, 2018 WL 3468468, at *1 (Tex. App.—Fort Worth July 19, 2018, no pet.) (per curiam) (mem. op.); (2) premature to the extent that it seeks to challenge interlocutory rulings not yet cemented in a new final judgment, *see In re R.S.*, No. 02-20-00108-CV, 2020 WL

---

[1]When Alamo filed its motion, it certified that the Scotts had not indicated whether they were opposed to the appeal's dismissal. More than ten days have passed since Alamo moved to dismiss the appeal, and the Scotts have not filed a response.

1949023, at *1 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (per curiam) (mem. op.) (noting that, because trial court vacated the termination judgment and continued the case, there was no longer a final judgment or appealable interlocutory order to support the appeal); or (3) both. Whatever the case may be, we lack jurisdiction over the appeal. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (recognizing that "a court cannot decide a case that has become moot during the pendency of the litigation"); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions [for certain interlocutory orders], is that an appeal may be taken only from a final judgment.").

We therefore grant Alamo's motion and dismiss this appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Robnett*, 2025 WL 1909328, at *1 (dismissing appeal for want of jurisdiction when challenged order had been dissolved, rendering appeal moot); *R.S.*, 2020 WL 1949023, at *1 (dismissing appeal for want of jurisdiction when there was no longer a final judgment or appealable interlocutory order).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: January 22, 2026

3